UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LASTIQUE INTERNATIONAL CORPORATION                       PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:10CV-452-S

WESLEY D. BAKER                                         DEFENDANT

## MEMORANDUM OPINION

This matter is before the court for ruling on the following motions:

1. Motion of the plaintiff, Lastique International Corporation, for a preliminary injunction, hearing, and expedited discovery (DN 10).

2. Motion of the defendant, Wesley D. Baker, to dismiss or transfer the action (DN 12).

3. Motion of the defendant, Wesley D. Baker, to stay plaintiff's motion for expedited relief (DN 13).[1]

The defendant, Wesley D. Baker ("Baker"), was employed by the plaintiff, Lastique International Corporation ("Lastique") as a senior broker from 2002 until his resignation in April, 2010. Lastique, a Kentucky corporation with its principal place of business in Louisville, Kentucky, is a supplier of a variety of plastic resins to customers in the thermoplastics industry throughout the United States. Throughout his employment as a senior broker for Lastique, Baker resided in and worked from Milton, Georgia. In 2005, Baker executed a document entitled "Nondisclosure, Noncompetition, Ownership of Intellectual Property, and Nonsolicitation Agreement" (hereinafter, the "Agreement").

---

[1] The plaintiff filed a motion to exceed the page limit for its response to the motion to dismiss (DN 15). The tendered order will be entered by agreement.

In April of 2010, Baker informed Lastique that he was considering accepting employment with an alleged competitor, Continental Industries Group, Inc. ("CIG") located in New York. He indicated that he had sold his home and was planning to relocate to New York. On April 19, 2010, Baker sent a letter to Lastique asking that he be released from any obligation under the Agreement. Lastique refused the request, and indicated that Baker would be given until April 30, 2010 to inform Lastique whether he intended to resign.

Baker, in fact, resigned his employment and filed a declaratory judgment action (the "Georgia action") against Lastique in the United States District Court for the Northern District of Georgia (the "Georgia court") on April 30, 2010.

On June 2, 2010, Lastique filed an action in this court (Civil Action No. 3:10CV-388-H) (the "first Kentucky action") seeking, among other relief, an injunction to prevent Baker from going to work for CIG. Lastique referenced the Georgia action in its complaint and indicated that it had moved the Georgia court to dismiss or to transfer the action to this court. As grounds for the motion, Lastique urged that Georgia had little interest in the action, as Baker had sold his home and was moving away from Georgia. Lastique urged that Kentucky, where it is headquartered, had the greater interest in the matter.

During the course of limited expedited discovery in the Georgia action, Lastique learned that apparently Baker had declined the offer of employment with CIG. He continued to reside in Georgia, and indicated that he intended to remain in Georgia, having accepted employment with Laudadio Polymers, a company based in Texas. On July 12, 2010, the Georgia court issued a 52-page opinion denying the motion of Lastique to dismiss or transfer the Georgia action.

On June 28, 2010, Lastique filed a second action in this court (the "second Kentucky action"), raising the same allegations against Baker as in the first Kentucky action. It alleged breach of contract, tortious interference with business relations, breach of fiduciary duty, and misappropriation of trade secrets in connection with Baker's purported employment with Laudadio Polymers. In both Kentucky actions, Lastique seeks injunctive relief to halt what it claims is unlawful competition and solicitation of its customers and suppliers by Baker.

Baker sought and obtained a declaration as to the enforceability of the Agreement in the Georgia action. The Georgia court entered an order with Lastique's consent that declared the following:

> Upon Plaintiff's Verified Complaint [Docket Entry ("DE") 1] and Plaintiff's Motion for Declaratory Judgment [DE 32]; and Defendant having expressed its consent to entry of a declaratory judgment according to the terms set forth below, the Court finds and orders the following:
>
> Plaintiff Wesley D. Baker was employed by Defendant Lastique International Corporation as a senior broker until April 30, 2010. Throughout his employment with Defendant, Plaintiff performed work for Defendant while a citizen of and residing in Milton, Georgia.
>
> Defendant's headquarters and facilities are located in Louisville, Kentucky...
>
> On June 20, 2005, as a condition of his employment, Plaintiff executed a "Nondisclosure, Noncompetition, Ownership of Intellectual Property, and Nonsolicitation Agreement" (the "Agreement"), which prohibits Plaintiff from improperly disclosing or using Lastique's confidential information and trade secrets; competing in Lastique's business of supplying various plastic resins in the thermoplastic [sic] industry for a period of two years; and soliciting Lastique's suppliers and customers for a period of two years. Plaintiff signed the Agreement within the state of Georgia.
>
> Plaintiff's employment with Defendant ended on April 30, 2010. Plaintiff continues to be a citizen of Georgia and currently resides in Milton, Georgia. Plaintiff works as an independent sales agent for Laudadio Polymers, a company based in Texas and which competes with defendant in the business of buying and reselling plastic resin in the thermoplastics industry within the United States.

> Based on the foregoing facts, Plaintiff seeks a declaratory judgment that the non-competition, non-solicitation, and non-disclosure provisions contained in the Agreement are overbroad in violation of the public policy of Georgia, that Georgia law should therefore apply to this Agreement, and that the Agreement is unenforceable under Georgia law.
>
> Accordingly,
>
> **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff's Motion for Declaratory Judgment is **GRANTED**, as follows:
>
> The Court declares that the Non-competition, Non-solicitation, and Non-disclosure provisions (with the exception of those portions of the Nondisclosure provision that address Trade Secrets) contained in the Agreement are unenforceable and void under Georgia law.
>
> **IT IS FURTHER ORDERED** that, in accordance with Federal Rule of Civil Procedure 41(a)(1) and other applicable law, and by the Parties' stipulation and agreement, the above-styled action is hereby dismissed with prejudice.

August 19, 2010 Order, DN 38.

Despite the denial of the motion to dismiss or transfer and the declaration of rights issued by the Georgia court, Lastique has moved for a preliminary injunction and has sought expedited discovery in the second Kentucky action.

Baker has now moved to dismiss the second Kentucky action for lack of personal jurisdiction, or alternatively, to transfer the action to the Northern District of Georgia. There is currently no pending action in the Georgia court. Despite the fact that Lastique filed the second Kentucky action anew, the claims against Baker in the two Kentucky actions are virtually identical. Baker is simply employed by Laudadio rather than CIG. The actions in both the Georgia and Kentucky courts address whether and to what extent the Agreement binds Baker in other employment in the thermoplastics industry. This court finds, as did the Georgia court, that Baker executed the agreement in question in Georgia, he resided and continues to reside there. It appears

that the alleged breaches of the Agreement occurred in Georgia, as Baker remains in Georgia, working for Laudadio. While Baker admits to having had contacts with Lastique in Kentucky, the extent of those contacts are in dispute. We conclude, however, under the authority of *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) and *Kelly Services, Inc. v. Noretto*, 495 F.Supp.2d 645 (E.D.Mich. 2007), that this court may properly exercise personal jurisdiction over Baker, as he has established sufficient contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Under the Sixth Circuit's three-part "minimum contacts" test, the defendant must be shown to have purposefully availed himself of the privilege of conducting activities within Kentucky, the cause of action must arise from his activity here, and the acts or consequences caused by defendant's actions must have a substantial enough connection with Kentucky to make the exercise of jurisdiction over the defendant fundamentally fair. *Southern Machine Co. v. Mohasco*, 401 F.2d 374, 381 (6th Cir. 1968). The complaint alleges that Baker breached the Agreement and is interfering with Lastique's business relations by accepting other employment which put him in competition with Lastique. He is also claimed to have misappropriated trade secrets and other proprietary information in accepting employment with Laudadio and allegedly utilizing this information in his new capacity.

The court has not conducted an evidentiary hearing as it finds that none is necessary. Where no hearing is conducted on the issue, the plaintiff need only make a *prima facie* showing of jurisdiction. *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002). Pleadings and affidavits must be

considered in the light most favorable to the plaintiff, and the plaintiff's burden has been characterized as "relatively slight."  *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th Cir. 1980).

Baker, urges that, at best, Lastique has shown that he had contacts with Kentucky which relate solely to his *completion* of various sales which he contends he *consummated* elsewhere.  This puts too fine a point on the "contacts" analysis, without any citation of legal authority for doing so.  The *Mohasco* test does not address the purpose for which contacts with the forum are made, but rather whether minimum contacts exist sufficient to satisfy due process.

While Baker signed the Agreement in Georgia and was not frequently physically present in Louisville, it appears undisputed that Baker (1) made a number of sales to Kentucky customers, (2) had frequent contact with the Louisville headquarters with respect to fulfillment of all of his sales, (3) participated in some business meeting and project development activities in Kentucky, (4) was a shareholder in the company, and (5) had complete access to proprietary information through the Kentucky-based servers via a company laptop that he used in the course of his employment.  Further, he executed an agreement which required the application of Kentucky law and which, through various restrictive covenants, implicated his future relationship with this Kentucky company.  Lastique suggests that Baker was fully aware of these future implications as evidenced by his enlistment of the services of another Lastique sales agent in Kentucky to negotiate a modification of the Agreement prior to his execution of the document.  These facts, viewed most favorably to Lastique, meet the *prima facie* burden of establishing purposeful availment by Baker of the privilege of conducting activities in Kentucky.  The facts before us bear a strong resemblance to those in *Kelly Services*, *supra*.  In *Kelly,* the district court found that the slight burden to establish minimum contacts had been met with evidence of (1) the defendant's employment with a company

in the forum state, (2) reporting to supervisors headquartered in the forum state, (3) execution of a non-competition agreement requiring application of the law of the forum, (4) infrequent trips to the forum state, (5) computer access to proprietary information stored in the forum state, and (6) phone and e-mail contacts with the forum state in conducting business on behalf of the company. *Id.* at 652-53.[2]

Baker contends that the causes of action against him do not arise from his activities here. The defendant also urged in *Kelly Services* that the cause of action against him did not arise from his activities in the forum. The court found, however, that the defendant's alleged breach of the agreement and alleged misappropriation of trade secrets directly resulted from his employment relationship with the forum-based plaintiff and had a direct effect on the plaintiff company in the forum state. *Id.*

As noted in *Burger King, supra*, "Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum state. Although territorial presence will frequently enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." 105 S.Ct. at 2184. The Supreme Court went on to state that "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing...must be evaluated in determining whether the defendant purposefully established minimum contacts."

---

[2] As *Kelly Services* is a district court opinion, it is merely persuasive authority for this court. While we find that the facts before us do not offer the most compelling case for the exercise of personal jurisdiction, we liken the circumstance to that in *Kelly*, and find that the "relatively slight" burden has been met.

*Id* at 2185. In finding that a franchisee had sufficient contacts to justify the exercise of personal jurisdiction, the court in *Burger King* found that the "quality and nature of his relationship to the company [in the forum state could] in no sense be viewed as "random" and "fortuitous," or "attenuated." *Id.* We reach the same conclusion in this case.[3] The court therefore concludes that the court may properly exercise personal jurisdiction over Baker.

Lastique has moved for entry of a preliminary injunction to preclude Baker for a period of two years from continuing his employment with Laudadio or any other company in a substantially similar business in any capacity in which he would compete with Lastique, solicit business from customers of Lastique, or disclose confidential information of Lastique, as defined in and precluded by the Agreement. (*See* DN 10-5, Proposed Order). Lastique's motion will be denied inasmuch as Lastique cannot establish a likelihood of success on the merits of this litigation. *Memphis Planned Parenthood, Inc. v. Sundquist*, 184 F.3d 600, 602 (6th Cir. 1999).

As noted earlier in this opinion, the Georgia court entered a declaratory judgment by agreement of the parties. In that order, it was agreed that Georgia law should apply to the Agreement, that the non-competition, non-solicitation, and non-disclosure provisions contained in the Agreement were overbroad, and that the Agreement was unenforceable under Georgia law. The court declared "that the Non-competition, Non-Solicitation, and Non-Disclosure provisions (with the exception of those portions of the Nondisclosure provision that address Trade Secrets) contained in the Agreement are unenforceable and void under Georgia law." Order, p. 3.

To the extent that the parties and claims in the Georgia and the second Kentucky actions are identical, the Georgia court's adjudication of the claims on the merits bars the assertion of those

---

[3]Our ruling on the issue of personal jurisdiction does not conflict with the order of the Georgia court which addressed only abstention and a request for transfer under 28 U.S.C. § 1404.

claims here.  *See*, *QOS Networks Ltd. v. Warburg, Pincus & Co.*, 669 S.E.2d 536, 540 (Ga.App. 2008); *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)(court must apply state law on issue preclusion of the state in which the original judgment was entered).  Therefore, Count I alleging breach of contract and Count II alleging tortious interference with business relations are barred as a matter of law.

Further, to the extent that any of the claims asserted in the second Kentucky action reach beyond the scope of the Georgia court's order, they should have been raised as compulsory counterclaims in the Georgia action.  Fed.R.Civ.P. 13(a)("A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, and does not require adding another party over whom the court cannot acquire jurisdiction").  To the extent that Count II alleging tortious interference with business relations, Count III alleging breach of fiduciary duty, or Count IV alleging misappropriation of trade secrets can be interpreted as falling outside of the Georgia court's order, they constitute unasserted compulsory counterclaims which are barred in this subsequent action.  *See, Walker v. Bishop*, 312 S.E.2d 349, 353 (Ga.App. 1983).

Based upon the forgoing analysis, the motions to stay, and to dismiss or transfer the action will be denied.  The motion for preliminary injunction will also be denied.  A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**